L. DALE WATLEY AND DELORES WATLEY, INDIVIDUALLY AND AS TRUSTEES, APPELLANTS, V. BOARD OF EQUALIZATION OF GARFIELD COUNTY, NEBRASKA, ET AL., APPELLEES.
L. DALE WATLEY AND DELORES WATLEY, INDIVIDUALLY AND AS TRUSTEES, APPELLANTS, V. BOARD OF EQUALIZATION OF HOLT COUNTY, NEBRASKA, ET AL., APPELLEES.

462 N.W.2d 426

Filed November 16, 1990.    Nos. 88-685, 88-686.

Douglas Pauley, of Conway, Connolly and Pauley, P.C., for appellants.

Dale C. Crandall, Garfield County Attorney, and Boyd W. Strope, Holt County Attorney, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.
This is an appeal from the decision of the district court for

Garfield and Holt Counties in a consolidated trial. The boards of equalization denied the relief sought by the landowners, L. Dale Watley and Delores Watley. The district court affirmed the decisions of the boards.

In the Nebraska Supreme Court, the review of the decision of a county board of equalization is de novo, and the court is required to reach a conclusion independent of the findings of the trial court. *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987).

Involved in this case is the appropriate classification and thus valuation of the tracts of farmland owned by appellants for the tax year commencing January 1, 1987. In the years prior to 1987, the subject land was used to raise irrigated crops. However, in March 1986, the owners contracted with the U.S. Department of Agriculture's Agricultural Stabilization and Conservation Service to place the land in a conservation reserve program for a period of 10 years and to receive in exchange a payment from the Department of Agriculture.

The irrigation equipment was removed in the fall of 1986, making the land, in the opinion of the appellants, nonirrigated land or rangeland.

The unusual posture of this case is reflected in the complete absence of any proof in the record (1) that the land is valued in excess of its fair market value or (2) that the valuation is not equalized with other irrigated land. It is simply the assertion of appellants that the voluntary decision to retire irrigated land to a reserve program converts it into a lesser classification of farmland at the option of the owner.

In a March 14, 1986, letter, the State Tax Commissioner's determination agreed with appellants' proposed classification of reserve program land. However, in April 1986, the Nebraska Department of Revenue concluded that beginning January 1, 1987, the classification at the time of enrollment should be used in valuing land voluntarily placed in the reserve program.

The burden is on the landowner to prove that his land was valued excessively or was not equalized with the value of other similar property. *Fremont Plaza v. Dodge County Bd. of Equal.*, 225 Neb. 303, 405 N.W.2d 555 (1987). As observed by the trial court, the actual earning capacity of the now reserve

land far exceeds that of nonirrigated land. The appellants have not shown that the valuation of their land as irrigated cropland, not based on its actual earning capacity, is excessive or is disproportionate to the value of other similar property, in violation of Neb. Const. art. VIII, § 1.

The judgment of the trial court is affirmed.

AFFIRMED.